UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
AVROHOM SEBROW,                                  :    07-CV-5016(ARR)(VPP)
                                                 :
                        Plaintiff,               :    NOT FOR PRINT OR
                                                 :    ELECTRONIC
         -against-                               :    PUBLICATION
                                                 :
                                                 :    OPINION AND ORDER
ER SOLUTIONS, INC.,                              :
                        Defendant.               :
                                                 X
------------------------------------------------------------------

ROSS, United States District Judge:

Plaintiff Avrohom Sebrow has brought suit against ER Solutions, Inc., alleging a violation of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1629 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff brings this suit as a putative class action on behalf of all similarly situated consumers. Plaintiff has moved for summary judgment, and defendant has cross-moved for summary judgment. Plaintiff also moves for class certification. For the reasons stated below, the court denies plaintiff's motion for summary judgment and grants defendant's cross-motion for summary judgment. The court, therefore, also denies plaintiff's motion for class certification.

## BACKGROUND

Plaintiff is a consumer who allegedly incurred a personal debt to the Public Service Electric & Gas Co. (hereinafter "PSE&G"), in the amount of $329.08. On October 31, 2007, defendant, a collection agency, sent a collection letter to plaintiff, the legality of which is disputed here. The body of the letter states, in relevant part:

1

> This notice is being sent to you by a collection agency. The records of PUBLIC SERVICE ELECTRIC & GAS CO. show that your balance of $329.08 is due in full. Please contact this office so we can help you resolve your account.
>
> If you fail to resolve this collection account, we may report your delinquent account to Equifax, Trans Union and Experian. This may affect your universal credit score.
>
> If you have any questions about this account, please contact Michael Timmons toll free at 800-961-0217 EXT 582.
>
> NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

Compl., Ex. A. In addition, the letter contained the following language on the backside of the page:

> This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid.
>
> If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification fo the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.
>
> If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Any demands for payment in this letter do not reduce your rights to dispute this debt, or any portion thereof, and/or to request verification within the 30 day period as set forth above.

Id.

Plaintiff claims that defendant violated two sections of the FDCPA. First, plaintiff contends that the language on the front side of the letter violates FDCPA section 1692e(10), which prohibits a debt collector from making false representations or utilizing deceptive means in connection with the collection of debts. See 15 U.S.C. 1692e(10); Pl's Mem in Support at 1 (hereinafter "Pl's Mem."). Specifically, plaintiff contends that because defendant "threatened" to report the delinquent account to credit reporting agencies but was not permitted to do so until after 60 days has elapsed, defendant used a false statement in connection with collection of a debt. Pl's Mem. at 8. Second, plaintiff claims that the validation notice required by the statute (i.e., notice of the means by which to challenge the validity of the debt) is overshadowed by the "threat" to report plaintiff's delinquent account to credit agencies and therefore violates 15 U.S.C. § 1962g by presenting the validation information in an unclear and ineffective manner. See Pl's Mem at 7.

## DISCUSSION

### I. Standard of Review

Under Rule 56, summary judgment is proper if the pleadings, depositions, answers, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc.56(c). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome of the litigation if application of the relevant substantive law requires their determination. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The moving party has the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes

demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Cartrett, 477 U.S. 317, 323 (1986). The substantive law determines the facts that are material to the outcome of a particular litigation. See Anderson, 477 U.S. at 250; Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975). In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. Only when it is apparent that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight" should summary judgment be granted. Gallo v. Prudential Residential Servs. Ltd. Partnership, 22 F.2d 1219, 1223 (2d Cir. 1994).

## II. The Fair Debt Practices Act

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e. When evaluating an FDCPA

claim, "courts apply an objective standard based on the 'least sophisticated consumer,'" requiring courts to step into the shoes of the least sophisticated consumer when evaluating the legality of a debt collection letter. Dewees v. Legal Servicing, LLC, 506 F.Supp.2d, 128, 132 (E.D.N.Y. 2007) (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). While this standard protects an "uninformed, naive, or trusting" debtor, it also "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Spira v. Ashwood Financial, Inc., 358 F.Supp.2d 150, 156 (E.D.N.Y. 2005) (internal citations omitted).

## A. The Collection Letter Does Not Violate Section 1692e(10)

FDCPA subsection 1692e(10) prohibits the "use of false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Plaintiff contends that the statements appearing on the front of the letter – namely that defendant may report plaintiff's delinquent account to credit agencies and that such a report may affect plaintiff's credit score – violates 1692e(10) because "[d]efendant did not intend to report the plaintiff and could not [report plaintiff] for at least 60 days." Pl's Statement Pursuant to Rule 56.1, at ¶ 3. To support this assertion, plaintiff cites to Exhibit C, a purported contract between defendant and PSE&G, obligating defendant to report a delinquent debtor's information to the "three major credit reporting bureaus sixty (60) days after the first contact." Pl's Mem., Ex. C at ¶ 9. Plaintiff argues that because defendant could not report his delinquent status to credit bureaus for 60 days, "defendant had no authority nor did the defendant intend upon reporting the consumer to a credit reporting agency." Pl's Mem. at 1. Defendant refutes this assertion, arguing that it has the right and ability to report plaintiff's delinquent account to credit agencies. See ER Solutions Inc.'s

5

Mem. Of Law in Support of its Mot. For Judgment on the Pleadings, at 8 (hereinafter "Def's Mem."). In turn, defendant avers that the letter is not deceptive or misleading.

The court is persuaded by defendant's argument and finds that the language in question is not misleading or deceptive. Plaintiff's argument that defendant never intended to report his account to credit agencies is conclusory at best. He adduced no evidence demonstrating that defendant never intended to report the delinquent account. First, plaintiff's assertion that defendant "had no authority" to report the delinquent account to credit agencies is simply false. Pl's Mem. at 1. Indeed, Exhibit C illustrates that defendant was contractually obligated to report delinquencies to the national credit agencies. See Pl's Mem., Ex. C. Second, plaintiff argues that it was "false to suggest that immediate credit reporting absent payment was inevitable." Pl's Mem. at 9. This argument also fails because the letter contains no language suggesting that a consumer's response must be immediate. Cf. Dewees, 506 F.Supp.2d, at 134 ("Falsely suggesting that legal action was immediate, imminent, or urgent is actionable.").

Next, the fact that defendant was "unable to locate any information indicating that it reported Mr. Sebrow to any credit reporting agency relating to the debt at issue in the complaint" does not alter this analysis. Def's Objections and Responses to Pl's First Set of Interrogatories, at 6. A similar argument was rejected in Madonna v. Academy Collection Serv, Inc., in which the plaintiff received a letter containing the language: "failure to comply may result in our informing our client that you have refused to cooperate, they may choose to pursue legal action." 1997 WL 530101, at *4 (Aug. 12, 1997 D. Conn.). Plaintiff argued that this language violated § 1692e(10) because the defendant did not know whether its client intended to sue the plaintiff, thereby rendering the language a false threat of unintended legal action. Id. at *6. Reasoning that

informing a debtor about a legal course of action available to a creditor is not false or misleading, the court rejected this argument, noting that the plaintiff "would have this court hold that unless a creditor has already decided to sue in a particular case, a collector is prohibited from making any mention of even the possibility of the suit. This proposition finds no support in the statute or the case law. . . . It would be counterproductive to penalize a debt collector for suggesting that steps which legally could be taken might in fact be taken." Id. at **7, 8.

Similarly, here defendant merely informed plaintiff of its legal right to report the delinquent account to a credit agency. The fact that defendant failed to do so after the fact has no bearing on its intent at the time it sent the letter. Nor is it evidence that the letter threatened unintended reporting to the credit agencies. Cf. Fainbrun v. Southwest Credit Systems, L.P., 246 F.R.D. 128, 131-32 (E.D.N.Y. 2007) (noting that language implying that a debt collection agency may report a consumer to a credit reporting agency violates the FDCPA when the defendant has "no intention or ability to report late or missed payments"). Furthermore, defendant's inaction has no bearing upon how the least sophisticated consumer would interpret the letter, the hallmark of FDCPA analysis. See Spira v. Ashwood Financial, Inc., 358 F.Supp.2d 150, 160 (E.D.N.Y. 2005) (ruling that a letter informing the debtor of the defendant's policy to report unpaid accounts to credit agencies did not violate FDCPA §1692e because it "reinforced the widely known fact that failure to pay debts that are owed might adversely affect one's credit rating").

Thus, plaintiff has not adduced evidence sufficient to sustain his burden of demonstrating that defendant's letter was false, deceptive or misleading. Therefore, the court grants defendant's motion for summary judgment on plaintiff's § 1692e claim.

## B. The Collection Letter Does Not Violate Section 1692g

Section 1692g(a) of the FDCPA requires that an independent debt collector soliciting payment provide the consumer with a detailed validation notice within five days of the initial communication.[1] "It is not enough for a debt collection agency simply to include the proper debt validation in a mailing to a consumer." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996). If "a notice contains language that 'overshadows or contradicts' other language informing a consumer of her rights, it violates the Act." Id. at 34 (quoting Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)). As with section 1692e, in making this determination, courts apply "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." Id. (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). Thus, "[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." Savino v. Computer Credit, Inc., 164 F.3d

---

[1]Section 1692g(a) provides:
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

8

81,85 (2d Cir. 1998) (citing Russell, 74 F.3d at 35); see also DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001) ("Even if a debt collector conveys the required information, the collector nonetheless violates the [FDCPA] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."). The Second Circuit has made clear, however, that "'in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness.'" McStay v. I.C. System, Inc., 308 F.3d 188, 190-91 (2d Cir. 2002) (quoting Clomon, 988 F.2d at 1319).

Plaintiff apparently concedes that defendant's form letter contains the pertinent information outlined in FDCPA section1692g, including the "30 day notice," arguing instead that the "threat to report" portion of the letter overshadows the notice such that "the unsophisticated debtor might feel he has no other option but to pay." Pl's Mem. at 8. Plaintiff argues the notice provision is further overshadowed because the letter suggests that if the consumer fails to pay the debt, a negative credit report could result. See id. ("The options of this consumer have been communicated as pay or suffer the consequences of bad credit."). According to plaintiff, despite the notice provision, the "threat to report" language falsely implies that the plaintiff "can only avoid credit reporting by payment" and that "it was false to suggest that immediate credit reporting absent payment was inevitable." Id. At 8-9. Defendant objects to this characterization, contending that its notice provision tracks the statutory language and is not overshadowed by the "report" language. See Def's mem. at 13-16.

Following an examination of the entire text of the letter in question and a perusal of the relevant case law, the court finds that the disputed language does not have the effect of making the least sophisticated consumer uncertain of his ro her rights, violating § 1692g(a). Despite

9

plaintiff's contention to the contrary, there is no language in the letter that would suggest to plaintiff that he must take action within any time frame that contradicts the statutory thirty-day period. Cf. Harry v. Pentagroup Financial, LLC., 2007 WL 812998, at *2 (March 14, 2007 E.D.N.Y.) (holding that the language "if payment is not made in a timely manner, further collection activity may be instituted" did not overshadow the notice language because the use of "timely" did not shorten the thirty-day period enunciated in the validation).

Additionally, plaintiff's reliance on McStay v. I.C. System, Inc. is misplaced. In McStay, the plaintiff argued that the letter in question violated the FDCPA because the validation notice was overshadowed because it was unclear when the 30 day period commenced. 308 F.3d 188, 190 (2d Cir. 2002). The court rejected this argument. At the end of the opinion, the Second Circuit noted that the plaintiff raised another challenge to the letter, in which the plaintiff argued that a threat to report a delinquent account that may hinder a consumer's ability to obtain credit in the future overshadowed the letter's validation notice. Id. at 191. This is the language on which plaintiff relies. While noting the that argument was "a significant one," the Second Circuit expressly declined to consider the issue because the plaintiff failed to raise it in lower court proceedings. Id. Therefore, McStay does not lend credence to plaintiff's claim. See Spira, 358 F.Supp.2d at 157 (declining a similar argument based on McStay because the relied upon language is dicta).

Furthermore, the language in the letter at issue in McStay was more intimidating than the language contained in the letter at issue in this case. In McStay, the letter informed the plaintiff that a failure to resolve the account may result in the defendant reporting the delinquent account to a credit agency, which in turn may hinder the plaintiff's ability "to obtain credit in the future."

10

308 F.3d at 189. Here, the disputed letter merely states that failure to resolve the delinquent account may result in defendant reporting the account to credit agencies, which in turn "may affect [plaintiff's] universal credit score." Compl. at Ex A. The court is unpersuaded that this language overshadows the notice provision, or that it would confuse the least sophisticated consumer.

Therefore, the court holds that plaintiff has failed to adduce sufficient evidence to suggest that the disputed "threat to report" language overshadows the statutory language, thereby rendering a consumer uncertain of his or her right to temporarily halt collection of the debt. In turn, defendant's motion for summary judgment regarding plaintiff's § 1692g claim is granted.

## CONCLUSION

For the foregoing reasons, defendant's summary judgment motion is granted. Plaintiff's motion for summary judgment and motion for class certification are denied.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

s/ ARR

_____
Allyne R. Ross
United States District Judge

Dated: January 16, 2009
       Brooklyn, New York

SERVICE LIST:

Attorney for Plaintiff
Lawrence Katz
Law Offices of Lawrence Katz
455 Central Avenue
Suite 206
Cedahurst, NY 11516

Attorney for Defendant
John P. Hooper
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022

cc:	Magistrate Judge Vicktor Pohorelsky